**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jason KINGSTON, Defendant— Appellant.**

No. 00–10228.

D.C. No. CR–98–00058–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2002.

Decided May 23, 2002.

Before HUG and BERZON, Circuit Judges, and LASNIK, District Judge.*

MEMORANDUM **

Jason Kingston pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and was sentenced accordingly. Kingston now appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291, and for the reasons set forth below we dismiss Kingston's appeal. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Kingston expressly waived his right to appeal his sentence as part of a negotiated plea agreement with the government.[1] Thus, before we can accept Kingston's appeal for consideration, Kingston must show that his waiver should not apply because it was not knowingly and voluntarily made. *See United States v. Blitz*, 151 F.3d 1002, 1006 (9th Cir.1998). This he cannot do.

The plea agreement signed by Kingston states that he was fully advised of all of the circumstances and terms surrounding his plea, including the negotiated waiver of appeal, and that he entered into the agreement of his own accord. Moreover, the section of the agreement dealing with waiver of appeal expressly states that Kingston knowingly waived his right to appeal. In the absence of any argument that Kingston was somehow incapacitated or under duress during the signing of the agreement, these facts establish that the waiver was knowing and voluntary. Therefore, the waiver applies and we must dismiss Kingston's appeal.

Our decision is unaltered by the district court's suggestion at sentencing that Kingston might present the "double counting" argument on appeal. At most, the district court's statement created a reasonable ex-

* Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Specifically, Kingston waived his right to appeal any sentence within the applicable range of the United States Sentencing Guidelines. The facts, stipulations of the parties, and proceedings below establish that the applicable range for Kingston's offense was 33 to 41 months. Because Kingston's 33 month sentence fell within the applicable range, this appeal is covered by the waiver.

pectation that Kingston might appeal the "double counting" issue, thereby nullifying the waiver as to that one issue, and making that claim alone viable for appeal.[2] *See United States v. Buchanan*, 59 F.3d 914, 917–18 (9th Cir.1995) (holding that a district court's oral pronouncement at sentencing that a defendant may appeal negates a valid waiver to the extent necessary to protect reasonable expectations). The district court's statements had no bearing on any of the issues Kingston now attempts to raise, and thus those claims remain covered by the waiver.

APPEAL DISMISSED.

---

2. Because Kingston does not raise the issue of "double counting" in his brief, we decline to consider it. *See Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 738 (9th Cir.1986) (noting that we generally do not consider matters on appeal that are not argued in an appellant's opening brief).

